

Quinn Emanuel Urquhart & Sullivan, LLP
Stephen A. Swedlow (pro hac vice application to be submitted within 45 days)
stephenswedlow@quinnemanuel.com
Amit B. Patel (pro hac vice application to be submitted within 45 days)
amitbpatel@quinnemanuel.com
500 W. Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Quinn Emanuel Urquhart & Sullivan, LLP
Arthur M. Roberts (pro hac vice application to be submitted within 45 days)
arthurroberts@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Telephone: (415) 875-6600

Campbell & Williams
Donald J. Campbell, Esq. (NV Bar No. 1216)
djc@campbellandwilliams.com
J. Colby Williams, Esq. (NV Bar No. 5549)
jcw@campbellandwilliams.com
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

*Attorneys for Defendants Uber Technologies, Inc. and Rasier LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| BELL TRANS and WHITTLESEA BLUE CAB COMPANY, Nevada citizens, | ) ) |
| Plaintiffs, | ) ) Case No. ____ |
| v. | ) ) **NOTICE OF REMOVAL** |
| RAISER LLC; UBER TECHNOLOGIES, INC. and DOES I through X, | ) ) ) |
| Defendants. | ) ) |

**TO THE CLERK IN THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant Uber Technologies, Inc., with the consent of Defendant Rasier LLC and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the action entitled *Bell Trans and Whittlesea Blue Cab Company v. Rasier, LLC, Uber Technologies, Inc., and Does I-X*, Case No. A-14-709098-C (the "State Action") from the District Court of the State of Nevada for Clark County to the United States District Court for the District of Nevada. As grounds for this removal, these Defendants state as follows:

<u>Timeliness of Removal</u>

1.      The State Action was filed on October 28, 2014, in the Clark County District Court.

2.      No Defendant has been served with process for this matter to date.

3.      That lack of service notwithstanding, the undersigned counsel for Defendants Uber Technologies, Inc. and Rasier LLC obtained a copy of the state-filed Complaint.

4.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Uber in the State Court Action are attached hereto as Exhibit A.

5.      Defendants shall serve the instant Notice on Plaintiff and shall file a Notice of Filing of Removal with the Clark County District Court.

6.      Defendants Uber Technologies, Inc. and Rasier LLC consent to removal of this action prior to service, reserving their right to contest insufficient process, insufficient service of process, personal jurisdiction, failure to state a claim upon which relief can be granted, forum non conveniens or improper venue, failure to join a party, and other potential grounds at the appropriate time. 28 U.S.C. 1446(b)(2).

7.      Because no Defendant has been served with process in this matter, consent to remove from fictitious potential Defendants is not required. 28 U.S.C. 1446(b)(2)(a); *Taylor v. Flagstar Bank FSB*, 2011 WL 5245451, at *1 (D. Nev. Nov. 1, 2011), *citing Salveson v. Western States Bankcard Ass'n*, 731 F. 2d 1423 (9th Cir. 1984).

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

8.      This Notice of Removal is filed within thirty days of receipt of the Complaint and within one year of commencement of the State Action and is therefore timely.  28 U.S.C. § 1446.

## Diversity of Citizenship

9.      Pursuant to 28 U.S.C. § 1441, a civil action brought in state court may be removed to the United States District Court embracing the place where the state action is pending provided there is original jurisdiction.

10.      Removal of this case is appropriate because this Court has original jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

11.      Plaintiffs are all Nevada corporations with their principal places of business in Nevada.   Ex. A ¶¶ 2-3,  8.   Plaintiffs accordingly are citizens of Nevada.   *See* 28 U.S.C. § 1332(c)(1).

12.      Defendant Uber is the sole member of Rasier, LLC.  Defendant Uber and its wholly owned subsidiary Rasier, LLC are and have remained at all times since the Complaint was filed citizens of Delaware and California because Uber is a corporation organized under the laws of the State of Delaware with its principal place of business in San Francisco, California.

13.      Fictitious Defendants Does I-X are not considered for diversity purposes.  28 U.S.C. § 1441(b)(1).

## Amount in Controversy

14.      This Court's jurisdiction under 28 U.S.C. § 1332 is proper because the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.  *See* 28 U.S.C. § 1332(a).

15.      Plaintiffs seek in excess of $10,000 in damages under three separate causes of action.  (*See* Compl., ¶¶ 21, 37, 35.)  They also seek treble damages and punitive damages.  (*See* Compl., ¶¶ 22, 28, 36.)  They also seek to enjoin Defendant Uber Technologies, Inc.'s business in Nevada, the revenues of which far exceed $75,000 and which Plaintiffs allege cause an irreparable injury to Plaintiff's business interests in which they have "invested millions."  (*See* Compl., ¶¶ 26,

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222   •   Fax: 702.382.0540
www.campbellandwilliams.com

34.)

WHEREFORE, Defendants Uber Technologies, Inc. and Rasier LLC request that the above-captioned action be removed to this Court for determination of all issues, trial, and judgment.

Dated: November 3, 2014

Respectfully submitted,
Campbell & Williams

By  /s/ *J. Colby Williams*
    Donald J. Campbell, Esq. (1216)
    J. Colby Williams, Esq., (5549)
    700 South Seventh Street
    Las Vegas, Nevada 89101
    Telephone: (702) 382-5222
    Facsimile: (702) 382-0540

    Quinn Emanuel Urquhart & Sullivan, LLP
    Stephen A. Swedlow
    Amit B. Patel
    500 W. Madison St., Suite 2450
    Chicago, Illinois 60661
    Telephone: (312) 705-7400
    Facsimile: (312) 705-7401

    Quinn Emanuel Urquhart & Sullivan, LLP
    Arthur M. Roberts
    50 California St., 22nd Floor
    San Francisco, California 94111
    Telephone: (415) 875-6600

*Attorneys for Defendants Uber Technologies, Inc. and Rasier LLC*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Campbell & Williams, and that on the 3rd day of November, 2014, I deposited for mailing at Las Vegas, NV, a true and correct copy of the foregoing Notice of Removal in a sealed envelope, to the following counsel and that postage was fully prepaid thereon:

> James J. Pisanelli, Esq.
> Todd L. Bice, Esq.
> Debra L. Spinelli, Esq.
> Pisanelli Bice PLLC
> 400 South Seventh Street, Suite 300
> Las Vegas, Nevada 89101
> *Attorneys for Plaintiffs*

/s/ *Lucinda Martinez*
An Employee of Campbell & Williams

# EXHIBIT "A"

# EXHIBIT "A"

## DISTRICT COURT CIVIL COVER SHEET

A–14–709098–C

XIII

........................... County, Nevada

Case No: ...........................
*(Assigned by Clerk's Office)*

**I. Party Information** *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| BELL TRANS, a Nevada Corporation | RAISER, LLC, a Delaware Limited Liability |
| WHITTLESEA BLUE CAB COMPANY, a Nevada Corporation | Company; UBER TECHNOLOGIES, INC., |
| | a Delaware Corporation |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| James J. Pisanelli, Esq., #4027, Pisanelli Bice PLLC | |
| 400 South 7th Street, Suite 300 | |
| Las Vegas, NV  89101 | |
| 702-214-2100 | |

**II. Nature of Controversy** *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | | Torts | |
|---|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** | |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability | |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct | |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort | |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort | |
| ☐ Other Title to Property | ☐ Medical/Dental | ☒ Other Tort | |
| **Other Real Property** | ☐ Legal | | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | | |
| ☐ Other Real Property | ☐ Other Malpractice | | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing | |
|---|---|---|---|
| **Civil Writ** | | **Other Civil Filing** | |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim | |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment | |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters | |

*Business Court filings should be filed using the Business Court civil coversheet.*

October 28, 2014
_____
Date

_____
Signature of initiating party or representative

*See other side for family-related case filings.*

Nevada AOC - Research Statistics Unit
Pursuant to NRS 3.275

Form PA 201
Rev 3.1

Electronically Filed
10/28/2014 07:37:19 PM

CLERK OF THE COURT

**COMP**
James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
Todd L. Bice, Esq., Bar No. 4534
TLB@pisanellibice.com
Debra L. Spinelli, Esq., Bar No. 9695
DLS@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Facsimile: 702.214.2101

Attorneys for Plaintiffs

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| BELL TRANS, a Nevada Corporation; WHITTLESEA BLUE CAB COMPANY, a Nevada Corporation, | Case No.: A-14-709098-C<br>Dept. No.: XIII |
| Plaintiffs, | **COMPLAINT** |
| vs. | |
| RAISER, LLC, a Delaware Limited Liability Company; UBER TECHNOLOGIES, INC., a Delaware Corporation and DOES I through X, inclusive, | |
| Defendants. | |

COME NOW Plaintiffs Bell Trans ("Bell Trans") and Whittlesea Blue Cab Company and for their Complaint allege as follows:

### OVERVIEW

1.    This Complaint arises from the illegal efforts of Uber to undertake business operations without complying with its obligations under Nevada law. Uber has an established track record of engaging in such conspiratorial and illegal conduct in other jurisdictions and has now transported those practices to Nevada. According to published accounts, Uber openly boasts of its illegal conduct, claiming that it is better to ask for forgiveness after the fact than make the necessary expenditures to comply with the law. Uber's established *modus operandi* is to openly violate the law by operating without appropriate licensure and compliance with safety

1

1   requirements and then, later aggressively pursued a public relations campaign hoping to

2   "negotiate" its unlawful conduct into an accepted practice.  This suit seeks to expose and halt

3   Uber's unlawful and unfair business practices.

4                                                  **PARTIES**

5        2.      Plaintiff Bell Trans is a Nevada corporation and has long held a Certificate of

6   Public Convenience and Necessity which authorizes it to transport persons for a fee.

7        3.      Plaintiff Whittlesea Blue Cab Company is a Nevada corporation and has long held

8   a Certificate of Public Convenience and Necessity which authorizes it to transport persons for a

9   fee.

10       4.      Defendant Raiser, LLC is a Delaware Limited Liability Company and Defendant

11  Uber Technologies, Inc. is a Delaware corporation.  Upon information and belief, in combination

12  or singularly, Raiser and/or Uber Technologies is doing business as "Uber" in the State of Nevada

13  ("Uber").

14       5.      The true names and capacities of the Defendants named herein as Does I

15  through X, inclusive, are unknown to Plaintiffs at this time, and said defendants and each of them

16  are identified by such fictitious names.  Plaintiffs will advise this Court and seek leave to amend

17  this Complaint when the names and capacities of each defendants have been ascertained.

18  Plaintiffs allege that each defendant herein designated as a Doe is responsible in some manner for

19  the events and happenings herein alleged.

20                                      **JURISDICTION AND VENUE**

21       6.      This Court has personal jurisdiction over the claims set forth herein pursuant to

22  NRS 14.065 on the grounds that such jurisdiction is not inconsistent with the Nevada Constitution

23  or the United States Constitution.

24       7.      Venue is proper in this Court pursuant to NRS 13.010 *et. seq.* because the material

25  events giving rise to the claims asserted herein occurred in Clark County, Nevada.

26                                        **COMMON ALLEGATIONS**

27       8.      Plaintiffs have invested millions of dollars to operate as certificated common

28  carriers of passengers in the State of Nevada.  Those well-earned certificates stem from adherence

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1   to the terms of NRS Chapter 706, including but not limited to:  (1) conducting regular vehicle

2   inspections and maintenance; (2) requiring drivers to be properly permitted and that they lack

3   disqualifying offenses; (3) charging rates pursuant to an established schedule approved by the

4   State; (4) operating in accordance with those published rates; and (5) maintaining adequate

5   insurance for protection of the public.

6        9.     Pursuant to NRS Chapter 706, any person or operator who holds themselves out to

7   the public as willing to transport persons by vehicle from place to place for a fee is deemed to be a

8   common carrier.

9        10.    The Nevada Legislature has decreed, pursuant to NRS 706.151, that it is the duty

10  of the State to regulate such carriers or any brokers of such regulated services so as to ensure

11  reasonable compensation for use of public roadways through licensing fees, to provide for fair

12  and impartial regulation and to promote safe and adequate service under sound economic

13  conditions.

14       11.    Providers of transportation services as a common carrier in the State of Nevada are

15  required to obtain a business license, as well as a Certificate of Public Convenience and Necessity

16  under the provisions of NRS Chapter 706.

17       12.    On August 24, 2014, Uber commenced operation and facilitation of transportation

18  services in the State of Nevada which included, but is not limited to, contracting with drivers,

19  advertising its services, and collection of fees.

20       13.    Uber undertook these activities without obtaining proper licenses and certificates

21  like that which all other common and contract carriers are required to have.

22       14.    Uber has made public statements confirming its own knowledge that its operations

23  in Nevada were illegal and in violation of the legal rights of other common carriers as well as the

24  public.

25  **FIRST CAUSE OF ACTION**

26  **(Deceptive Trade Practices)**

27       15.    Plaintiffs restate all preceding and subsequent allegations as though fully set forth

28  herein.

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

3

16.   Uber has engaged in a "deceptive trade practice" because it conducts business without all required government licenses and furthermore does so in violation of State statutes and regulations relating to the services it provides.

17.   Uber further falsely represents that its services are "safer" than that of carriers who are issued a Certificate of Public Convenience and Necessity, falsely leading consumers to believe that Uber has satisfied the same rigorous standards that those applied to a certificated public carrier.

18.   In truth, Uber has not adhered to those safety criteria and in no way satisfies the rigorous regulations that Nevada has imposed upon all carriers who have received a Certificate of Public Convenience and Necessity.  Uber's deceptive trade practices directly harm competitors, including the Plaintiffs, by misrepresenting Uber's qualifications in the marketplace.

19.   Pursuant to NRS 41.600, Plaintiffs have a private cause of action for Uber's deceptive trade practices.

20.   The injury to Plaintiffs is irreparable, which entitles Plaintiffs to both temporary and permanent injunctive relief.

21.   Plaintiffs have and/or will suffer damages in an amount to be proven at trial in excess of $10,000.00.

22.   Uber's conduct has been undertaken with malice and oppression thereby entitling Plaintiffs to treble damages for deceptive trade practices.

## SECOND CAUSE OF ACTION

### (Civil Conspiracy)

23.   Plaintiffs incorporate all preceding and subsequent allegations as though fully set forth herein.

24.   Uber has agreed to act in concert and conspired with others for the purpose of engaging in unfair and illegal transportation operations.

25.   The purpose of this scheme and conspiracy is to make money at the expense of those who actually comply with the law, consumer safety and the State's economic welfare.

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

4

26. Uber has intentionally undertaken to violate the law pursuant to this scheme for the purpose of advancing its own economic interests to the detriment of Plaintiffs and others who have invested millions to comply with the requirements of Nevada's statutory and regulatory requirements.

27. As a direct and proximate result of Uber's civil conspiracy, Plaintiffs have and/or will suffer damages in an amount to be proven at trial in excess of $10,000.00.

28. Uber's conduct has been undertaken with malice and oppression, thereby entitling Plaintiffs to an award of punitive damages.

### THIRD CAUSE OF ACTION

### (Unfair Competition)

29. Plaintiffs incorporate all preceding and subsequent allegations as though fully set forth herein.

30. Uber falsely portrays itself as operating in compliance with the law and engaging in lawful competition. Its claims and portrayals are knowingly false.

31. Uber does not operate in compliance with the law, having failed to satisfy any of its regulatory obligations. Uber has further failed to meet the minimum standards necessary to conduct business in Nevada. Its failure to pay the multiple licensing fees, airport fees and related amounts all adversely impact competitors and consumers because such fees support and maintain Nevada's public transportation system. Uber unfairly competes by bearing none of the required regulatory burdens or costs, but at the same time seeks to reap the benefits of Nevada's roadway and related transportation services.

32. Uber unfairly competes by failing to satisfy the regulations and costs which are borne by certificated carriers, including Plaintiffs.

33. Uber's illegal and unfair operations have a negative impact upon all licensed transportation companies.

34. The injury to Plaintiffs is irreparable, which entitles Plaintiffs to both temporary and permanent injunctive relief.

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

35.     As a direct and proximate result of Uber's unfair competition, Plaintiffs have suffered and/or will suffer damages in an amount to be proven at trial in excess of $10,000.00.

36.     Uber's conduct has been undertaken with malice and oppression thereby entitling Plaintiffs to an award of punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     For compensatory damages in excess of Ten Thousand Dollars ($10,000.00), in an amount to be proven at trial;

2.     For punitive damages in excess of Ten Thousand Dollars ($10,000.00), in an amount to be proven at trial;

3.     For preliminary and permanent injunctive relief;

4.     For pre-judgment and post-judgment interest, as permitted by law;

5.     For attorneys' fees and costs of suit incurred herein, as allowed by law; and

6.     For such other and further relief as this Court may deem just and proper.

DATED this 28th day of October, 2014.

PISANELLI BICE PLLC

By: _____
James J. Pisanelli, Esq., Bar No. 4027
Todd L. Bice, Esq., Bar No. 4534
Debra L. Spinelli, Esq., Bar No. 9695
400 South 7th Street, Suite 300
Las Vegas, Nevada  89101

Attorneys for Plaintiffs

1  **MCSD**
James J. Pisanelli, Esq., Bar No. 4027
2  JJP@pisanellibice.com
Todd L. Bice, Esq., Bar No. 4534
3  TLB@pisanellibice.com
Debra L. Spinelli, Esq., Bar No. 9695
4  DLS@pisanellibice.com
PISANELLI BICE PLLC
5  400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
6  Telephone:  702.214.2100
Facsimile:  702.214.2101
7
Attorneys for Bell Trans and
8  Whittlesea Blue Cab Company

9                    **DISTRICT COURT**

10                **CLARK COUNTY, NEVADA**

11  STATE OF NEVADA, Nevada                Case No.:   A-14-709002
Transportation Authority and Nevada       Dept. No.:   III
12  Taxicab Authority,

13                            Plaintiffs,    **EMERGENCY MOTION TO
CONSOLIDATE; *EX PARTE* MOTION**
14  vs.                                      **FOR ORDER SHORTENING TIME**

15  UBER TECHNOLOGIES, INC., a
16  Delaware Corporation,                    Date of Hearing:

Defendants.                    Time of Hearing:
17

18

19         Bell Trans and Whittlesea Blue Cab Company move this Court for an order consolidating

20  the action commenced with the Complaint attached hereto as Exhibit A with the case styled

21  *State of Nevada v. Uber Technologies, Inc.*, No. A-14-709002-C currently pending before this

22  Court.  Both of these actions pertain to the unlawful activities of Uber in seeking to operate a

23  transportation service in the State of Nevada without the burdens of complying with Nevada law.

24  Bell Trans and Whittlesea have commenced an action which arises out of the same factual events

25  and involve common questions of law.  Accordingly, consolidation of these actions is appropriate.

26

27

28

                                               1

1        This Motion is made pursuant to NRCP 42(a) and EDCR 2.50, and is based upon all

2    papers and pleadings on file, the attached Memorandum of Points and Authorities, and any oral

3    argument that this Court wishes to entertain.

4        DATED this 29th day of October, 2014.

5                        PISANELLI BICE PLLC

6

7                        By: _____
                            James J. Pisanelli, Esq., Bar No. 4027

8                                Todd L. Bice, Esq., Bar No. 4534
                            Debra L. Spinelli, Esq., Bar No. 9695

9                                400 South 7th Street, Suite 300
                            Las Vegas, Nevada  89101

10                               Attorneys for Bell Trans and Whittlesea

11                               Blue Cab Company

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1

## ORDER SHORTENING TIME

2   Before this Court is the Request for an Order Shortening Time accompanied by the

3   Declaration of counsel.   Good cause appearing, the undersigned counsel will appear at

4   Clark County Regional Justice Center, Eighth Judicial District Court, Las Vegas, Nevada, on the

5   ____ day of _____, 2014, at __ _.m., in Department III, or as soon thereafter as

6   counsel may be heard, to bring this **PLAINTIFF'S EMERGENCY MOTION TO**

7   **CONSOLIDATE** on for hearing.

8         DATED this _27_ day of October, 2014.

9

10

11                                         _____
                                          DISTRICT COURT JUDGE

12

Respectfully submitted by:

13

PISANELLI BICE PLLC

14

15   By: _____

16         James J. Pisanelli, Esq., Bar No. 4027
           Todd L. Bice, Esq., Bar No. 4534

17         Debra L. Spinelli, Esq., Bar No. 9695
           400 South 7th Street, Suite 300

18         Las Vegas, Nevada 89101

Attorneys for Bell Trans and Whittlesea
19   Blue Cab Company

20

21

22

23

24

25

26

27

28

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

## DECLARATION OF TODD L. BICE, ESQ.

I, TODD L. BICE, ESQ., being first duly sworn, state as follows:

1.      I am a Shareholder with Pisanelli Bice PLLC, counsel for Bell Trans and Whittlesea Blue Cab Company, both of whom are plaintiffs in the action identified in the Complaint attached hereto as Exhibit A. At present, we do not have a case number from the Clerk of the Eighth Judicial District Court, but the Complaint has been electronically filed. I make this Declaration in support of a request for an Order Shortening Time relating to the Emergency Motion to Consolidate (the "Motion"). The facts stated herein are based upon my personal knowledge, unless stated upon information and belief.

2.      On October 24, 2014, the State of Nevada commenced the action styled *State of Nevada v. Uber Technologies, Inc.*, Case No. A-14-709002-C, which is presently pending before this Court (the "First Action"). The State's action concerns attempts by Uber Technologies, Inc. ("Uber") to operate a business of transporting passengers for a fee in the State of Nevada.

3.      Based upon public news reports, Uber began operating in the State of Nevada on or about October 24, 2014, but did so without a Certificate of Public Convenience and Necessity as otherwise required by the terms of NRS Chapter 706.

4.      On October 28, 2014, Bell Trans and Whittlesea filed the action as outlined in the Complaint attached hereto as Exhibit A (the "Second Action").

5.      Besides common defendants, the First Action and the Second Action share a common factual predicate. Both involve Uber's operations in violation of Nevada law, including its failure to satisfy the requirements of NRS Chapter 706.

6.      As outlined in the Second Action, such conduct also constitutes a deceptive trade practice as prohibited by Nevada law as well as a means of unfair competition.

7.      Consolidating these matters into the First Action will serve the interest of judicial economy and efficiency. And, as this Court has scheduled a hearing on a temporary restraining order and can be expected to schedule a hearing on the State's motion for preliminary injunction

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

4

1    on an expedited basis, Bell Trans and Whittlesea seek to have this motion heard on an order

2    shortening time.

3        8.       I certify that this Motion is not made for any improper purpose and is the interests

4    of expediting this matter.

5        I declare under penalty of perjury under the laws of the State of Nevada that the foregoing

6    is true and correct.

7        DATED this _____ day of October, 2014.

8

9                                    TODD L. BICE, ESQ.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

## MEMORANDUM OF POINTS AND AUTHORITIES

Nevada Rule of Civil Procedure 42 permits the consolidation of civil actions that involve common questions of law or fact.  NRCP 42(a)[1]; *Marcuse v. Del Webb Communities, Inc.*, 123 Nev. 278, 286, 163 P.3d 462, 467-468 (2007).  Consolidation is in the broad discretion of the court.  *Id.*  Reasons for granting consolidation include the avoidance of unnecessary costs or delay, as well as advancing convenience and judicial economy.  *Mikulich v. Carner*, 68 Nev. 161, 169, 228 P.2d 257, 261 (1951) ("[C]onsolidation is permitted as a matter of convenience and economy in administration") (internal citation omitted).

EDCR 2.50 provides that "[m]otions for consolidation of two or more cases . . . be heard by the judge assigned to the case first commenced [and thereafter] . . . heard before the judge ordering consolidation."  Consolidation of the First Action and the Second Action is appropriate here.  Both directly relate to the impropriety of Uber's operations.  Both complaints concern common questions of law and/or fact.  Consolidation will serve to avoid unnecessary costs and delay.

DATED this 29th day of October, 2014.

PISANELLI BICE PLLC

By: _____
James J. Pisanelli, Esq., Bar No. 4027
Todd L. Bice, Esq., Bar No. 4534
Debra L. Spinelli, Esq., Bar No. 9695
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169

Attorneys for Bell Trans and Whittlesea Blue Cab Company

---

[1]   Rule 42(a) provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

# EXHIBIT A

E-Filing Details                                                                                  Page 1 of 1

**Details of filing:** *Complaint*
**Filed in Case Number:** New Case - (Reference ID 4182300)

|  |  |
|---|---|
| **E-File ID:** | 6325277 |
| **Lead File Size:** | 266462 bytes |
| **Date Filed:** | 2014-10-28 19:37:19.0 |
| **Case Title:** | New Case - (Reference ID 4182300) |
| **Case Name:** | Bell Trans vs. Raiser, LLC |
| **Filing Title:** | Complaint |
| **Filing Type:** | EFO |
| **Filer's Name:** | Todd L. Bice |
| **Filer's Email:** | kap@pisanellibice.com |
| **Account Name:** | Pisanelli Bice |
| **Filing Code:** | COMP |
| **Amount:** | $ 3.50 |
| **Court Fee:** | $ 270.00 |
| **Card Fee:** | $ 8.10 |
| **Payment:** | Filing still processing. Payment not yet captured. |
| **Comments:** | |
| **Courtesy Copies:** | kap@pisanellibice.com |
| **Firm Name:** | Pisanelli Bice PLLC |
| **Your File Number:** | |
| **Status:** | Pending - (P) |
| **Date Accepted:** | |
| **Review Comments:** | |
| **Reviewer:** | |
| **File Stamped Copy:** | |

| **Documents:** | Cover Document: Civil Cover Sheet.pdf | 351879 bytes |
|---|---|---|
| | Lead Document: Complaint.pdf | 266462 bytes |

| **Data Reference ID:** | |
|---|---|
| **Credit Card Response:** | System Response: VQCCB571B629 Reference: |

**COMP**
James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
Todd L. Bice, Esq., Bar No. 4534
TLB@pisanellibice.com
Debra L. Spinelli, Esq., Bar No. 9695
DLS@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada  89101
Telephone:  702.214.2100
Facsimile:  702.214.2101

Attorneys for Plaintiffs

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| BELL TRANS, a Nevada Corporation; WHITTLESEA BLUE CAB COMPANY, a Nevada Corporation, | Case No.: Dept. No.: |
| Plaintiffs, | **COMPLAINT** |
| vs. | |
| RAISER, LLC, a Delaware Limited Liability Company; UBER TECHNOLOGIES, INC., a Delaware Corporation and DOES I through X, inclusive, | |
| Defendants. | |

COME NOW Plaintiffs Bell Trans ("Bell Trans") and Whittlesea Blue Cab Company and for their Complaint allege as follows:

## OVERVIEW

1.   This Complaint arises from the illegal efforts of Uber to undertake business operations without complying with its obligations under Nevada law.  Uber has an established track record of engaging in such conspiratorial and illegal conduct in other jurisdictions and has now transported those practices to Nevada.  According to published accounts, Uber openly boasts of its illegal conduct, claiming that it is better to ask for forgiveness after the fact than make the necessary expenditures to comply with the law.  Uber's established *modus operandi* is to openly violate the law by operating without appropriate licensure and compliance with safety

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1

1   requirements and then, later aggressively pursued a public relations campaign hoping to

2   "negotiate" its unlawful conduct into an accepted practice.  This suit seeks to expose and halt

3   Uber's unlawful and unfair business practices.

4                                                  **PARTIES**

5          2.      Plaintiff Bell Trans is a Nevada corporation and has long held a Certificate of

6   Public Convenience and Necessity which authorizes it to transport persons for a fee.

7          3.      Plaintiff Whittlesea Blue Cab Company is a Nevada corporation and has long held

8   a Certificate of Public Convenience and Necessity which authorizes it to transport persons for a

9   fee.

10         4.      Defendant Raiser, LLC is a Delaware Limited Liability Company and Defendant

11  Uber Technologies, Inc. is a Delaware corporation.  Upon information and belief, in combination

12  or singularly, Raiser and/or Uber Technologies is doing business as "Uber" in the State of Nevada

13  ("Uber").

14         5.      The true names and capacities of the Defendants named herein as Does I

15  through X, inclusive, are unknown to Plaintiffs at this time, and said defendants and each of them

16  are identified by such fictitious names.  Plaintiffs will advise this Court and seek leave to amend

17  this Complaint when the names and capacities of each defendants have been ascertained.

18  Plaintiffs allege that each defendant herein designated as a Doe is responsible in some manner for

19  the events and happenings herein alleged.

20                                   **JURISDICTION AND VENUE**

21         6.      This Court has personal jurisdiction over the claims set forth herein pursuant to

22  NRS 14.065 on the grounds that such jurisdiction is not inconsistent with the Nevada Constitution

23  or the United States Constitution.

24         7.      Venue is proper in this Court pursuant to NRS 13.010 *et. seq.* because the material

25  events giving rise to the claims asserted herein occurred in Clark County, Nevada.

26                                   **COMMON ALLEGATIONS**

27         8.      Plaintiffs have invested millions of dollars to operate as certificated common

28  carriers of passengers in the State of Nevada.  Those well-earned certificates stem from adherence

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

2

1    to the terms of NRS Chapter 706, including but not limited to:  (1) conducting regular vehicle
2    inspections and maintenance; (2) requiring drivers to be properly permitted and that they lack
3    disqualifying offenses; (3) charging rates pursuant to an established schedule approved by the
4    State; (4) operating in accordance with those published rates; and (5) maintaining adequate
5    insurance for protection of the public.

6        9.      Pursuant to NRS Chapter 706, any person or operator who holds themselves out to
7    the public as willing to transport persons by vehicle from place to place for a fee is deemed to be a
8    common carrier.

9        10.     The Nevada Legislature has decreed, pursuant to NRS 706.151, that it is the duty
10   of the State to regulate such carriers or any brokers of such regulated services so as to ensure
11   reasonable compensation for use of public roadways through licensing fees, to provide for fair
12   and impartial regulation and to promote safe and adequate service under sound economic
13   conditions.

14       11.     Providers of transportation services as a common carrier in the State of Nevada are
15   required to obtain a business license, as well as a Certificate of Public Convenience and Necessity
16   under the provisions of NRS Chapter 706.

17       12.     On August 24, 2014, Uber commenced operation and facilitation of transportation
18   services in the State of Nevada which included, but is not limited to, contracting with drivers,
19   advertising its services, and collection of fees.

20       13.     Uber undertook these activities without obtaining proper licenses and certificates
21   like that which all other common and contract carriers are required to have.

22       14.     Uber has made public statements confirming its own knowledge that its operations
23   in Nevada were illegal and in violation of the legal rights of other common carriers as well as the
24   public.

FIRST CAUSE OF ACTION

(Deceptive Trade Practices)

27       15.     Plaintiffs restate all preceding and subsequent allegations as though fully set forth
28   herein.

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

3

16. Uber has engaged in a "deceptive trade practice" because it conducts business without all required government licenses and furthermore does so in violation of State statutes and regulations relating to the services it provides.

17. Uber further falsely represents that its services are "safer" than that of carriers who are issued a Certificate of Public Convenience and Necessity, falsely leading consumers to believe that Uber has satisfied the same rigorous standards that those applied to a certificated public carrier.

18. In truth, Uber has not adhered to those safety criteria and in no way satisfies the rigorous regulations that Nevada has imposed upon all carriers who have received a Certificate of Public Convenience and Necessity. Uber's deceptive trade practices directly harm competitors, including the Plaintiffs, by misrepresenting Uber's qualifications in the marketplace.

19. Pursuant to NRS 41.600, Plaintiffs have a private cause of action for Uber's deceptive trade practices.

20. The injury to Plaintiffs is irreparable, which entitles Plaintiffs to both temporary and permanent injunctive relief.

21. Plaintiffs have and/or will suffer damages in an amount to be proven at trial in excess of $10,000.00.

22. Uber's conduct has been undertaken with malice and oppression thereby entitling Plaintiffs to treble damages for deceptive trade practices.

## SECOND CAUSE OF ACTION

### (Civil Conspiracy)

23. Plaintiffs incorporate all preceding and subsequent allegations as though fully set forth herein.

24. Uber has agreed to act in concert and conspired with others for the purpose of engaging in unfair and illegal transportation operations.

25. The purpose of this scheme and conspiracy is to make money at the expense of those who actually comply with the law, consumer safety and the State's economic welfare.

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

26.    Uber has intentionally undertaken to violate the law pursuant to this scheme for the purpose of advancing its own economic interests to the detriment of Plaintiffs and others who have invested millions to comply with the requirements of Nevada's statutory and regulatory requirements.

27.    As a direct and proximate result of Uber's civil conspiracy, Plaintiffs have and/or will suffer damages in an amount to be proven at trial in excess of $10,000.00.

28.    Uber's conduct has been undertaken with malice and oppression, thereby entitling Plaintiffs to an award of punitive damages.

## THIRD CAUSE OF ACTION

### (Unfair Competition)

29.    Plaintiffs incorporate all preceding and subsequent allegations as though fully set forth herein.

30.    Uber falsely portrays itself as operating in compliance with the law and engaging in lawful competition. Its claims and portrayals are knowingly false.

31.    Uber does not operate in compliance with the law, having failed to satisfy any of its regulatory obligations. Uber has further failed to meet the minimum standards necessary to conduct business in Nevada. Its failure to pay the multiple licensing fees, airport fees and related amounts all adversely impact competitors and consumers because such fees support and maintain Nevada's public transportation system. Uber unfairly competes by bearing none of the required regulatory burdens or costs, but at the same time seeks to reap the benefits of Nevada's roadway and related transportation services.

32.    Uber unfairly competes by failing to satisfy the regulations and costs which are borne by certificated carriers, including Plaintiffs.

33.    Uber's illegal and unfair operations have a negative impact upon all licensed transportation companies.

34.    The injury to Plaintiffs is irreparable, which entitles Plaintiffs to both temporary and permanent injunctive relief.

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1    35.    As a direct and proximate result of Uber's unfair competition, Plaintiffs have

2  suffered and/or will suffer damages in an amount to be proven at trial in excess of $10,000.00.

3    36.    Uber's conduct has been undertaken with malice and oppression thereby entitling

4  Plaintiffs to an award of punitive damages.

**PRAYER FOR RELIEF**

6    WHEREFORE, Plaintiffs pray for judgment as follows:

7    1.    For compensatory damages in excess of Ten Thousand Dollars ($10,000.00), in an

8  amount to be proven at trial;

9    2.    For punitive damages in excess of Ten Thousand Dollars ($10,000.00), in an

10  amount to be proven at trial;

11    3.    For preliminary and permanent injunctive relief;

12    4.    For pre-judgment and post-judgment interest, as permitted by law;

13    5.    For attorneys' fees and costs of suit incurred herein, as allowed by law; and

14    6.    For such other and further relief as this Court may deem just and proper.

15    DATED this 28th day of October, 2014.

PISANELLI BICE PLLC

By: _____
James J. Pisanelli, Esq., Bar No. 4027
Todd L. Bice, Esq., Bar No. 4534
Debra L. Spinelli, Esq., Bar No. 9695
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

Attorneys for Plaintiffs

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101